IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Hayword Chambers, | ) | |
| Plaintiff, | ) | Civil Action No.2:12-cv-1372-TMC-BHH |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| | ) | |
| Sheriff Steven Mueller and Major | ) | |
| Ted Padgett, | ) | |
| | ) | |
| Defendants. | ) | |

The Plaintiff, a pretrial detainee proceeding *pro se*, brought this action pursuant to Title 42, United States Code, Section 1983. This matter is before the Court upon (a) Defendants' Motion for Summary Judgment (Dkt. No. 16); (b) Plaintiff's Motion to Amend (Dkt. No. 19); and (c) Plaintiff's second Motion to Amend (Dkt. No. 29).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate for consideration.

The Plaintiff brought this action on or about May 24, 2012. (See Dkt. No. 1.) On July 23, 2012, Defendants filed a Motion for Summary Judgment. (Dkt. No. 16.) By order filed July 24, 2012, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 17.) Plaintiff filed a Motion to Amend on or about July 27, 2012, (Dkt. No. 19), and a second Motion to Amend (Dkt. No. 29) on or about October 16, 2012. Defendants oppose allowing amendment. (See Dkt. No. 20; Dkt. No. 30.) Plaintiff filed his Response in Opposition to the Defendants' Motion for Summary Judgment on or about November 1, 2012. (Dkt. No. 31.)

## PROCEDURAL FACTS

Plaintiff, who is currently a pretrial detainee at the Cherokee County Detention Center ("Detention Center"), alleges claims pursuant to 42 U.S.C. § 1983. Plaintiff alleges that he has been incarcerated in the Detention Center since November 28, 2009, and "since that time he has been denied access to law and/or legal materials to be able to assist his attorney in defending the charge against him." (Dkt. No. 1 at 3 of 5.) Plaintiff contends Defendants have violated his constitutional rights "by denying the Plaintiff access to legal materials." (Id.) Plaintiff states that Defendants "have also denied the Plaintiff [the ability to] . . . use any legal materials brought to him to use . . . ." (Id.)

Plaintiff further alleges that Defendants have denied the Plaintiff "his pre-trial civil rights to practice his religion and faith by denying [Plaintiff] access to receive paperback religious books, newsletters, sermon pamphlets, and other religious material that may have been sent to him via the U.S. mail . . . ." (Id. at 4 of 5.) According to Plaintiff, Defendants have been "unlawfully tampering with his U.S. mail and confiscating it without cause and thus illegally seizing his . . . property." (Id.)

Lastly, Plaintiff complains about the grievance procedure at the Detention Center. (Id.) Plaintiff states,

> The Defendants have violated state requirements laid out in South Carolina Department of Correction standards that govern the operation of the facility by not following their own internal inmate grievance policy that the Plaintiff has used on several occasions in attempting to remedy these situations.

(Id.)

In the "Relief" section of his Complaint, Plaintiff seeks monetary damages as well as injunctive relief. (Id. at 5 of 5.)

2

## DISCUSSION

As noted above, Defendants filed a Motion for Summary Judgment on July 23, 2012 (Dkt. No. 16), and Plaintiff has filed two Motions to Amend (Dkt. No. 19; Dkt. No. 29). The undersigned will address the Motions to Amend first.

### A. Motions to Amend (Dkt. No. 19; Dkt. No. 29)

#### 1. Standard of Review

Rule 15(a) of the Federal Rules of Civil Procedure provides, in relevant part,

**(1)** *Amending as a Matter of Course*. A party may amend its pleading once as a matter of course within:

**(A)** 21 days after serving it, or
**(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

**(2)** *Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a). As the Fourth Circuit stated in <u>Johnson v. Oroweat Foods Co.</u>, 785 F.2d 503, 509 (4th Cir. 1986), "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile."

#### 2. Analysis

In Plaintiff's first Motion to Amend (Dkt. No. 19), it appears Plaintiff attempts to amend his complaint to include a conditions of confinement claim. Plaintiff complains that he is housed in a place where there are only 48 beds but 72 detainees, that the Detention Center has no water fountain, and that toilet paper runs out by noon and Defendants "refuse" to get more. (Dkt. No. 19.) In his second Motion to Amend (Dkt. No. 29), Plaintiff asks for leave to amend because "[t]here is belief that additional circumstances of civil rights

3

violations have been committed by the defendants against the Plaintiff." (Dkt. No. 29.) Plaintiff provides no specifics in his second Motion to Amend. (Dkt. No. 29.)

Defendants oppose amendment for several reasons. (See Dkt. No. 20; Dkt. No. 30.) Defendants contend the amendment should not be allowed because Plaintiff has failed to exhaust his administrative remedies and because the proposed amended claim fails to state a claim upon which relief can be granted. (Dkt. No. 20 at 4 of 10.)

The undersigned recommends granting Plaintiff's first Motion to Amend (Dkt. No. 19) and dismissing Plaintiff's second Motion to Amend (Dkt. No. 29) as moot.[1] In his first Motion to Amend (Dkt. No. 19), Plaintiff seeks to amend his Complaint to add a conditions of confinement claim. (See Dkt. No. 19.) Plaintiff contends in his motion that the detention center is overcrowded, housing 72 detainees when there are only 48 beds to house detainees. (Dkt. No. 19 at 2 of 4.) Plaintiff also contends that toilet paper "run[s] out" by noon, and Defendants "refuse to get . . . more." (Id.) Finally, Plaintiff states in his Motion to Amend that the Detention Center does not have a water fountain. (Id.)

While Plaintiff may not ultimately succeed on the merits of a conditions of confinement claim, the undersigned cannot say that amendment is futile. Defendants contend that amendment is futile because Plaintiff has not exhausted his administrative remedies. (See Dkt. No. 20 at 3-4.) The record contains no information, however, on whether Plaintiff filed any grievances related to his conditions of confinement; Defendant Padgett's Affidavit addresses only the claims set forth in the original Complaint. (See Padgett Aff.) As a result, the undersigned cannot say that amendment is futile on the ground that Plaintiff failed to exhaust his administrate remedies.

_____

[1]If Plaintiff's second Motion to Amend (Dkt. No. 29) is not dismissed as moot, the undersigned recommends denying that motion, as the motion contains no specifics but simply states a "belief" that additional violations of his constitutional rights have occurred. (See Dkt. No. 29.)

Defendants further oppose amendment by arguing the proposed amended claim fails to state a claim upon which relief can be granted. (Dkt. No. 20 at 4 of 10.) The undersigned disagrees, and therefore recommends granting Plaintiff's Motion to Amend (Dkt. No. 19) and treating this document as an Amended Complaint. Confinement conditions of pretrial detainees are to be evaluated under the due process clause rather than the Eighth Amendment prohibition against cruel and unusual punishment. Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979). The plaintiff must prove that he was deprived a "basic need" and that this deprivation was attended by deliberate indifference on the part of the defendants. Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir.1993). Plaintiff alleges that the Detention Center is overcrowded, constantly runs out of toilet paper, and has no water fountain. While Plaintiff may not ultimately prevail on the merits of the conditions of confinement claim, the undersigned cannot say that amendment is futile. See Williams v. Griffin, 952 F.2d 820, 825 (4th Cir. 1991) (denying summary judgment to prison officials when the plaintiff "sufficiently described unsanitary and overcrowded conditions"); see also Ashe v. Smith, No. 8:07-cv-537-RBH, 2007 WL 1423730, at *2 (D.S.C. May 10, 2007) ("To the extent that Plaintiff seeks injunctive relief, 42 U.S.C. § 1997e(e) does not require a plaintiff to suffer physical injury before bringing a claim for injunctive relief." (citing Mitchell v. Horn, 318 F.3d 523, 533 (3d Cir. 2003))). The undersigned therefore recommends granting Plaintiff's first Motion to Amend (Dkt. No. 19), and treating the motion as Plaintiff's Amended Complaint.[2]

_____

[2]Because the undersigned recommends granting Plaintiff's first Motion to Amend (Dkt. No. 19), the undersigned recommends dismissing Plaintiff's second Motion to Amend (Dkt. No. 29) as moot.

**B. Motion for Summary Judgment (Dkt. No. 16)**[3]

    **1. Standard of Review**

    Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

    **2. Analysis**

        **(a) Access to the Courts**

    As noted above, Plaintiff claims that while he has been incarcerated at the Detention Center awaiting trial on his criminal charges, he "has been denied access to law and/or legal materials to be able to assist his attorney in defending the charge against him." (Dkt. No. 1 at 3 of 5.) Defendants seek summary judgment on this claim, contending, *inter alia*, that the claim fails because (a) he has not alleged injury and (b) Plaintiff is represented by an attorney. (Dkt. No. 16-1 at 6-7.)

---

[3]In light of the recommendation with respect to Plaintiff's Motion to Amend (Dkt. No. 19), the undersigned recommends treating Defendants' motion (Dkt. No. 16) as a Motion for Partial Summary Judgment.

6

The undersigned recommends granting summary judgment to Defendants on this claim. As the Supreme Court stated in <u>Bounds v. Smith</u>, 430 U.S. 817, 828 (1977), "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." <u>Bounds</u>, however, "did not create an abstract, freestanding right to a law library or legal assistance." <u>Lewis v. Casey</u>, 518 U.S. 343, 351 (1996); <u>see also Strickler v. Waters</u>, 989 F.2d 1375, 1385 (4th Cir. 1993) ("<u>Bounds</u> did not hold that there is a right of access to a law library; it held that there is a right of access to the *courts*."). Furthermore, the Fourth Circuit has held that local jails, designed for temporary detainment, are generally not required to have a law library. <u>See Magee v. Waters</u>, 810 F.2d 451, 452 (4th Cir. 1987); <u>see also Williams v. Leeke</u>, 584 F.2d 1336, 1340 (4th Cir. 1978) ("We should not be understood to say that every small jail must have a law library . . . . ").

In the instant case, it is undisputed that Plaintiff is being held at the Detention Center while awaiting trial on criminal charges. It is also undisputed that Plaintiff is represented by an attorney on these charges. (<u>See</u> Padgett Aff. ¶ 3; <u>see also</u> Compl. at 3 of 5.) Although the Detention Center does not have a law library, Plaintiff's right to access the courts has not been infringed, as he is represented by Attorney Mitch Slade. <u>See Cruz v. Hauck</u>, 515 F.2d 322, 331-33 (5th Cir. 1975) (noting that "access to the courts maybe satisfied either by availability of legal materials, by counsel, or by any other appropriate device of the State"); <u>Jones v. Lexington County Detention Ctr.</u>, 586 F. Supp. 2d 444, 448 n.2 (D.S.C. 2008) ("[T]o the extent Plaintiff is saying his lack of access to legal materials is related to the criminal matter for which he has been incarcerated, this claim fails as a matter of law, as the state is only required to provide criminal defendants legal counsel, not legal research materials."); <u>see also Trotman v. York County Detention Ctr.</u>, No. 0:03-438-13BD, 2003 WL

7

23198860, at *2 (D.S.C. May 15, 2003) ("Longstanding case law in this circuit provides that if a pre-trial detainee has an attorney–or *is offered counsel but waives his or her right to counsel*–he or she has no constitutional right of access to a law library or to legal materials when he or she is a pre-trial detainee." (citing <u>United States v. Chatman</u>, 584 F.2d 1358, 1360 (4th Cir. 1978))). In addition, the instant claim fails because Plaintiff has not alleged actual injury as a result of the Detention Center's lack of a law library. <u>See Lewis</u>, 518 U.S. at 349; <u>see also Cochran v. Morris</u>, 73 F.3d 1310, 1317 (4th Cir. 1996). Accordingly, this claim fails, and the undersigned recommends granting summary judgment to Defendants on this claim.

### (b) Claim for Interference with Religion

In addition to his access-to-the-courts claim, Plaintiff alleges that Defendants have denied the Plaintiff "his pre-trial civil rights to practice his religion and faith by denying [Plaintiff] access to receive paperback religious books, newsletters, sermon pamphlets, and other religious material that may have been sent to him via the U.S. mail . . . ." (Dkt. No. 1 at 4 of 5.) According to Plaintiff, Defendants have been "unlawfully tampering with his U.S. mail and confiscating it without cause and thus illegally seizing his . . . property." (<u>Id</u>.)

Defendants contend that they are entitled to summary judgment on this claim because, *inter alia*, Plaintiff failed to exhaust his administrative remedies. (<u>See</u> Dkt. No. 16-1 at 5-6.) The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).[4] Through

---

[4]Pursuant to 42 U.S.C. § 1997e(h), the term "prisoner" "means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." Plaintiff, as a pretrial detainee, was

the enactment of this statute, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001); see Porter v. Nussle, 534 U.S. 516 (2002); Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001) (exhaustion required even though the plaintiff claimed he was afraid); see also Claybrooks v. Newsome, 18 Fed. App'x 243 (4th Cir. Sept. 18, 2001) (applying Booth v. Churner to affirm the district court's denial of relief to the plaintiff).

"[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). "[W]hen prison officials prevent inmates from using the administrative process . . . , the process that exists on paper becomes unavailable in reality." Zander v. Lappin, 415 Fed. App'x 491, 492 (4th Cir. Mar. 10, 2011) (quoting Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006)). The district court is "obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials." Id. (quoting Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007)).

In the case *sub judice*, Defendant Padgett states in his Affidavit that Plaintiff "has never grieved any issues regarding his right to receive religious material or practice his religion." (Padgett Aff. ¶ 7.) Padgett further states,

> The Cherokee County Detention Center does not restrict an inmate's right to practice his religion. Pursuant to the mail policy, however, there are limitations on inmates receiving specific books and publications due to security issues. First, specific items sent to inmates pose a security threat due to contraband being hidden inside them. Further, items that are stapled or fastened by metal fasteners can be used as weapons. Cherokee Detention Center provides that books and magazines and pamphlets are available to inmates as long as

---

therefore required to exhaust his administrative remedies prior to filing suit. See Rutland v. Dewitt, No. 8:09-13-SB, 2010 WL 288217, at *5 (D.S.C. Jan. 25, 2010); Bunch v. Nash, No. 4:07-3674-HFF-TER, 2009 WL 329884, at *4, n .2 (D.S.C. Feb. 10, 2009); Tate v. Anderson, No. 8:05-3085-HMH-BHH, 2007 WL 28982, at *4 (D.S.C. Jan. 3, 2007); United States v. Al-Marri, 239 F. Supp .2d 366, 367-68 (S.D.N.Y.2002) (holding pretrial detainee required to exhaust administrative remedies under PLRA before filing suit).

these items are donated to the detention center at large and are distributed throughout the detention center after a careful search of them by detention center staff. Of specific note, a soft cover Bible may be left at the main window for a specific inmate.

(Id.)

In his Response in Opposition to Defendants' Motion for Summary Judgment, Plaintiff contends the motion should not be granted because the grievance policy "is not efficient." (Dkt. No. 31 at 1 of 6.) Plaintiff states that his "remedies are exhausted" because he has been waiting on a response to a grievance for approximately 150 days. (Id.)

The undersigned recommends granting summary judgment to Defendants on Plaintiff's claim for interference with religion because Plaintiff failed to exhaust his administrative remedies. Defendants presented evidence that while Plaintiff did file a grievance with respect to his denial of access to the courts claim, Plaintiff filed no grievance related to his claim for the right to receive religious materials and practice his religion.

Although failure to timely respond to a grievance may render an administrative remedy unavailable, see Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002), the Plaintiff simply chose not to file a grievance on the at-issue claim. "[T]o be entitled to bring suit in federal court, a prisoner must have utilized all available remedies in accordance with the applicable procedural rules, so that prison officials have been given an opportunity to address the claims administratively." Moore, 517 F.3d at 725 (internal quotation marks omitted). Plaintiff clearly knew about the grievance procedure and how to file a grievance, as he filed at least one grievance related to access to the courts; he simply opted not to file a grievance on the instant claim. There is no evidence in the record that Defendant–or any other Detention Center employee–prevented Plaintiff from filing a grievance. Accordingly, the undersigned recommends granting summary judgment to Defendants on Plaintiff's claims related to interference with religion. See Graham v. Gentry, 413 Fed. App'x 660, 663

10

(4th Cir. 2011) (noting that in <u>Moore</u>, the Fourth Circuit "held that in order to show that a grievance procedure was not 'available,' a prisoner must adduce facts showing that he was prevented, through no fault of his own, from availing himself of that procedure").

## CONCLUSION

Wherefore, it is RECOMMENDED that the Defendants' Motion for Summary Judgment (Dkt. No. 16) be treated as a Motion for Partial Summary Judgment and GRANTED. It is further RECOMMENDED that Plaintiff's first Motion to Amend (Dkt. No. 19) be GRANTED, and that Plaintiff's second Motion to Amend (Dkt. No. 29) be DISMISSED as moot.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

January 11, 2013
Charleston, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

11

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).