IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Hayword Chambers, | ) |
|         Plaintiff, | ) C/A No. 2:12-1372-TMC |
| v. | ) **ORDER** |
| Sheriff Steven Mueller and Major Ted Padgett, | ) |
|         Defendants. | ) |

Plaintiff, a state prisoner proceeding *pro se*, brought this action pursuant to 42 U.S.C. 1983. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(e), D.S.C., all pre-trial proceedings were referred to a Magistrate Judge. This matter is before the court on the Magistrate Judge's Report and Recommendation ("Report") filed on January 1, 2013, recommending that the Defendants' Motion for Summary Judgment (Dkt. # 16) be treated as a motion for partial summary judgment and granted, and that Plaintiff's first Motion to Amend (Dkt. # 19) be granted and his second Motion to Amend (Dkt. # 29) be dismissed as moot. (Dkt. # 35). The Magistrate Judge provided Petitioner a notice advising him of his right to file objections to the Report. (Dkt. # 35 at 12). Neither Plaintiff nor Defendants have filed objections to the Magistrate Judge's Report and the time for doing so has run.

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

The Magistrate Judge recommended that Respondent's Motion for Summary Judgment be treated as a partial motion for summary judgment and be granted, Plaintiff's first Motion to Amend be granted, and Plaintiff's second Motion to Amend be denied as moot. As noted above, neither party has filed objections to the Report.  Because no objections have been filed, the court reviews the Magistrate Judge's findings and conclusions only for clear error, and need not give any explanation for adopting the Report.  *Diamond,* 416 F.3d at 315; *Camby v. Davis*, 718 F.2d  198, 200 (4th Cir.1983).

The court has reviewed the Report and adopts the recommendations except for the recommendation that Plaintiff's first Motion to Amend be granted.  As to this recommendation, the court finds clear error and declines to adopt it.  As Defendants argued in their response opposing Plaintiff's motion, and as discussed below, the amended complaint fails to state a claim, and therefore Plaintiff's first Motion to Amend is denied.

Fed.R.Civ.P. 15(a) provides that once a defendant has filed a responsive pleading, plaintiff may amend his complaint only with leave of court or by written consent of the defendant. Leave of court to amend "shall be given freely when justice so requires." "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509

2

(4th Cir.1986) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)). While amendments to complaints are to be freely allowed, here Plaintiff's proposed amendment to his complaint would be futile, and thus his first motion to amend is denied.[1]

To demonstrate that conditions of confinement constitute cruel and unusual punishment, [an inmate] must (1) establish that prison officials acted with 'deliberate indifference' and (2) prove extreme deprivations of basic human needs or 'serious or significant' pain or injury." *Smith v. Ozmint*, 578 F.3d 246, 255 (4th Cir. 2009) (quoting *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996)). Plaintiff has done neither.[2] He has not alleged that he is experiencing an extreme deprivation or that he has suffered a significant injury. Further, he has not alleged that Defendants acted with deliberate indifference. A prison official "is deliberately indifferent to a substantial risk of harm to a [prisoner] when that [official] knows of and disregards the risk." *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 302 (4th Cir. 2004) (internal quotation marks omitted). Negligence is inadequate. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Plaintiff has not alleged any facts establishing that Defendants were deliberately indifferent. Therefore, Plaintiff has failed to demonstrate

---

[1] The Magistrate Judge recommended that Plaintiff's second Motion to Amend be dismissed as moot because she recommended granting Plaintiff's first Motion to Amend. (Report at 5 n. 2). Alternatively, she recommended that the second Motion to Amend be denied as it contains no specific allegations. (Report at 4 n.1). As the court is not granting Plaintiff's first Motion to Amend, the court adopts the Magistrate Judge's alternative recommendation, and denies Plaintiff's second Motion to Amend as it does not contain any specific allegations.

[2] The Magistrate Judge cited caselaw holding that a plaintiff in a conditions of confinement case is not required to allege he has suffered a physical injury to survive summary judgment. The court agrees that Plaintiff need not have suffered a physical injury. However, Plaintiff still must demonstrate that Defendants were deliberately indifferent and the Magistrate Judge failed to address this requirement.

that his Eighth Amendment rights have been violated.[3]

For the reasons set forth above, the court adopts the Report, as modified. Accordingly it is therefore **ORDERED** that the Respondent's Motion for Summary Judgment (Dkt. # 16) is **GRANTED** and Plaintiff's Motions to Amend (Dkt. # 19 and 29) are **DENIED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

February 19, 2013
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if applicable.

---

[3] Additionally, the court notes that Plaintiff is no longer confined at the Cherokee County Detention Center as he has been transferred to the Kirkland Correctional Institution. (Dkt. # 38). "[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there." *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009)(*quoting Incumaa v. Ozmint*, 507 F.3d 281, 286–87 (4th Cir. 2007).

4